IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **REGINALD TURNER,** | § § § | |
| **Plaintiff,** | § § | **CIVIL ACTION NO.  6:24-CV-00241-JCB** |
| v. | § § | |
| **SUPER ONE GROCERY,** | § § § | |
| **Defendant.** | § § | |

REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

Before the court is Plaintiff Reginald Turner's ("Plaintiff") complaint filed on July 5, 2024. (Doc. No. 1.)  Plaintiff has requested to proceed *in forma pauperis* ("IFP") in his complaint but has not yet filed a motion or paid the filing fee. *Id.* The court, having reviewed the allegations, finds that it has no basis for federal jurisdiction over the alleged claims because Plaintiff has not pleaded any facts plausibly invoking grounds for the court's jurisdiction.

DISCUSSION

In his complaint, Plaintiff alleges that on April 6, 2023, he fell at Super 1 Foods in Longview, Texas when he slipped on a puddle in the shopping cart area inside the store. *Id.* at 1. Plaintiff alleges that he hurt his arm, wrist, shoulder, back, and left knee. *Id.* As such, Plaintiff has brought this action asserting claims of negligence and premises liability against Super 1 Foods. *Id.*

Federal Rule of Civil Procedure 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P. 12(h)(3). Federal jurisdiction may be established through either federal question jurisdiction or diversity jurisdiction.  28 U.S.C. § 1331–32. Federal question jurisdiction may be established in

civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Here, Plaintiff has not alleged any facts invoking the violation of the U.S. Constitution, federal law, or treaty to which the United States is a party. Rather, Plaintiff's allegations raise only claims of negligence and premises liability from a slip and fall. (Doc. No. 1.) These claims, construed liberally, do not invoke any federal question.

Federal subject-matter jurisdiction may alternatively be established based on diversity jurisdiction. 28 U.S.C. § 1332. Diversity jurisdiction requires that: (1) no defendant is a citizen of the same state as any plaintiff; and that (2) the matter in controversy exceeds $75,000. Here, Plaintiff has failed to allege the citizenship of any party to this suit. (Doc. No. 1.) However, Plaintiff's current address is listed as the Smith County Jail in Tyler, Texas. *Id.* at 3. Although Plaintiff does not list the address of Defendant, it appears to be wholly owned by Brookshire Grocery Company, which is a Texas corporation. Thus, to the extent both Plaintiff and Super 1 Foods are Texas citizens, diversity is lacking. Even if diversity of citizenship exists, Plaintiff's complaint does not allege the requisite amount in controversy. Plaintiff states that he went to the emergency room for his injuries but does not allege any facts to support actual damages exceeding $75,000. Similarly, while Plaintiff states that he is seeking punitive damages for his pain and mental anguish, Plaintiff has not alleged any facts to support such damages. As such, the court cannot take Plaintiff's conclusory allegations as a basis to meet the amount in controversy as pleaded. Construing these alleged facts liberally, the court cannot infer that the requisite amount in controversy is met. Accordingly, the court lacks jurisdiction over these claims, and they should be dismissed without prejudice.

**CONCLUSION**

For these reasons, the court finds that it does not have subject matter jurisdiction over Plaintiff's claims. As such, the court must dismiss the action. Fed.R.Civ.P. 12(h)(3). It is therefore **RECOMMENDED** that this case be **DISMISSED** without prejudice for lack of subject matter jurisdiction.

Within fourteen (14) days after receipt of the Magistrate Judge's report and recommendation, any party may serve and file written objections to the findings and recommendations contained in the report and recommendation. A party's failure to file written objections to the findings, conclusions and recommendations contained in this report and recommendation within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 10th day of July, 2024.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE